IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

———————

| | |
|---|---|
| Michael Chisolm, | ) C.A. No. 2:06-2710-PMD |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **ORDER** |
| | ) |
| City of Charleston and Joseph P. Riley, | ) |
| Individually and in his official capacity, | ) |
| | ) |
| Defendants. | ) |

The above-captioned case is before this court upon the magistrate judge's recommendation that the case be dismissed. Because plaintiff is <u>pro se</u>, this matter was referred to the magistrate judge.[1]

This Court is charged with conducting a <u>de novo</u> review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. <u>Thomas v Arn</u>, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. <u>United States</u>

---

[1]Pursuant to the provisions of Title 28 United States Code, § 636(b)(1)(B), and Local Rule 73.02 D.S.C., the magistrate judge is authorized to review pretrial matters and submit findings and recommendations to this Court.

v. Schronce, 727 F.2d 91 (4th Cir. 1984).[2]  No objections have been filed to the magistrate

judge's report.

For the reasons articulated by the magistrate judge, it is hereby **ordered** that

plaintiff's request to dismiss this case is **granted**, and the case is **dismissed without**

**prejudice**.

**ORDERED**, that the magistrate judge's report and recommendation is adopted as

the order of this Court.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

Charleston, South Carolina
March 2, 2007

---

[2]In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a pro se
litigant must receive fair notification of the consequences of failure to object to a
magistrate judge's report before such a procedural default will result in waiver of the right
to appeal.  The notice must be 'sufficiently understandable to one in appellant's circum-
stances fairly to appraise him of what is required.'"  Id. at 846.  Plaintiff was advised in a
clear manner that his objections had to be filed within ten (10) days, and he received
notice of the consequences at the appellate level of his failure to object to the magistrate
judge's report.

2